MARGARET FLAHERTY, Administratrix, *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY, impleaded, etc.

November 7, 1888.

Railway Collision — Action against both Carriers — Negligence of Carrier not Imputable to Passenger.—In an action against two railroad companies for the killing of a passenger in a train of one of the defendants, in a collision with a train of the other, a complaint, alleging negligence in the operation of both trains, *held* sufficient. The negligence of the carrier in whose train the deceased was a passenger, is not imputable to him.

Same—Concurrent Negligence—Both Companies Liable.—Such an action may be maintained jointly against both the parties whose concurrent negligence directly produced the one event complained of.

Order Overruling Demurrer — Condition Imposed on Leave to Answer.—The court, in overruling a demurrer to a complaint, allowed the defendant to answer within 10 days, upon the condition of going to trial at a term of court then being held. *Held*, that the imposing of this condition was not an abuse of discretion.

Appeal by the Minneapolis & St. Louis Ry. Co., impleaded with the Northern Pacific R. Co., from an order of the district court for Ramsey county, *Brill*, J., presiding, overruling its separate demurrer to the complaint.

*J. D. Springer* and *F. D. Larrabee,* for appellant.

*I. V. D. Heard* and *J. D. O'Brien,* for respondent.

DICKINSON, J. Appeal by the Minneapolis & St. Louis Railway Company from an order overruling its demurrer to the complaint. The complaint is sufficient to charge the appellant company with negligence, and to show a right of recovery against it. It is alleged that, while the plaintiff's intestate was a passenger upon a train of the Northern Pacific Company, he was killed in a collision of that train with a train of the Minneapolis & St. Louis Company, running in the opposite direction, and that the collision was caused by the negligent manner of the operation of both trains. It is particularly alleged that both trains were running at a dangerous and unlawful rate of

speed, and that the switches were not properly arranged for the run-
ning of these trains. The position of the appellant is untenable,
that, in order to show its responsibility, it must appear that the train
of the other defendant was rightfully upon this track. If the collis-
ion was caused directly by the concurrent negligence of both com-
panies, both are responsible. The negligence of the common carrier
upon whose train the deceased was a passenger was not imputable
to him. *Follman* v. *City of Mankato,* 35 Minn. 522, (29 N. W. Rep.
317.) It may be here stated that *Thorogood* v. *Bryan,* 8 C. B. 115,
and *Armstrong* v. *Lancashire & Yorkshire Ry. Co.,* L. R. 10 Exch. 47,
referred to in *Follman* v. *City of Mankato,* as opposed to our decision
in that case, have been recently expressly overruled in the English
court of appeal. *The Bernina,* 12 Prob. Div. 58. The collision and
injury having been caused directly by the concurrent wrongful acts or
omissions of both defendants, all tending to produce the one result-
ing event complained of, the action against them jointly is maintain-
able, although there was no concert of action or common purpose be-
tween them. *Colegrove* v. *New York & N. H. R. Co.,* 20 N. Y. 492,
(75 Am. Dec. 418;) *Cuddy* v. *Horn,* 46 Mich. 596, (10 N. W. Rep.
32;) *Tompkins* v. *Clay Street R. Co.,* 66 Cal. 163, (4 Pac. Rep. 1165.)
See language of Lopes, J., in *The Bernina,* 12 Prob. Div. 58, 99. See,
also, *Stone* v. *Dickinson,* 5 Allen, 29, 31; *Chipman* v. *Palmer,* 77 N.
Y. 51, 57; *Slater* v. *Mersereau,* 64 N. Y. 138; *Cooper* v. *Eastern Trans-
portation Co.,* 75 N. Y. 116.

In the order overruling the demurrer the court allowed this appel-
lant to answer within 10 days, upon the condition that the cause
should proceed to trial at a term of court then being held. The im-
posing of this condition is now assigned as an abuse of discretion.
The appellant does not appear to have reason to complain. Having
admitted the allegations of the complaint by the demurrer, it had
no right, as a matter of course, to withdraw that admission, and join
issue upon those allegations; nor does it appear that the defendant
ever sought to be allowed to do so, or claimed before the court that
it had any defence to the facts alleged. The appellant cannot com-
plain of the condition attending the granting of leave to answer, when
it does not appear that it was entitled, as a matter of right, to leave

to answer at all. But, apart from this consideration, in allowing a party to withdraw a demurrer, and to plead to the facts alleged against him, a court may properly, in the exercise of its discretion, impose such reasonable conditions as may prevent unnecessary delay in the trial and determination of the cause; and it must be made to appear that a party has been prejudiced before the action of the court in such matters, not appearing to be unreasonable or prejudicial upon its face, will be held to have been an abuse of discretion. The order in question seems to us to have been reasonable, at least in the absence of any showing of circumstances preventing the defendant from complying with the condition.

Order affirmed.