## BROWN v. COXE BROS. & CO. et al.

(Circuit Court, E. D. Wisconsin. July 24, 1896.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

Where the cause of action is joint or several, and plaintiff elects to treat it as joint, no one of defendants can treat the suit as against him as severable for the purpose of removal.

2. TORT—JOINT LIABILITY.

Plaintiff alleged that, while employed on a steamboat, he was injured by the falling of a coal bucket operated by one C., and that C. was negligent in using defective machinery, and in operating it negligently, and that the steamboat owner was negligent in not providing him a safe place for work, and in not warning him of the danger. *Held*, that as the alleged acts of negligence of C. and the steamboat owner, though distinct in themselves, concurred in producing the injury, their liability was joint as well as several.

This action was commenced in the circuit court for Milwaukee county, and, on petition and bond filed by the defendant Ketchum Steamship Company, an order for removal was entered by that court, and the cause was thereupon docketed here. Motion is made to remand, on the ground that the defendants are sued as joint tort feasors, and that the application for removal is by one alone.

The complaint alleges, in substance, that Coxe Bros. & Co. is a Pennsylvania corporation, owning and operating in Milwaukee the coal docks and the defective appliances from which injury came to the plaintiff; that the Ketchum Steamship Company was an Illinois corporation, owning and operating the steamer W. P. Ketchum, on which plaintiff was employed as watchman, and which was engaged in delivering a cargo of coal at the docks of, and with the appliances and operatives furnished by, Coxe Bros. & Co., consignees. The plaintiff alleges that he sustained serious injury from the falling of a coal bucket operated in behalf of Coxe Bros. & Co. while he was in the performance of his duty upon the deck of the steamer, and charges that Coxe Bros. & Co. is liable by reason of defective machinery and of negligence in its operation; that the Ketchum Steamship Company had knowledge of such defects and mismanagement, and is liable in not providing the plaintiff with a safe place for his work, and not warning him of the impending danger, to him unknown. Judgment is demanded against both defendants.

Markham & Nickerson, for plaintiff.
Winkler, Flanders, Smith, Bottum & Vilas, for Ketchum S. S. Co.

SEAMAN, District Judge. The question presented by the motion is whether, in any view, the facts alleged in the complaint charge the defendants with joint liability. In Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100, Mr. Justice Story states, in reference to actions founded on tort, that "nothing is more clear than the right of a plaintiff to bring an action of this sort against all the wrongdoers, or against any one or more of them, at his election"; that "there is no principle upon which the defendant has a right, in any courts of justice, to say that the action shall be several, and not joint, and thus to take away the right of election, which the plaintiff has by law, to make it joint"; and that such privilege cannot be conferred upon the defendant through a removal of the suit from the state court. The doctrine there pronounced is now firmly established as the rule governing the right of removal. Railway Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735;

Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730; Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32; Railway Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203; Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726.

In Pirie v. Tvedt, which was an action in tort, the court adopts from Railway Co. v. Ide the following language, as applicable to torts as well as contracts:

"A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100. A separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

It must therefore be regarded as settled that there can be no separation here, through removal, if the cause or causes of action alleged may be made joint, and are in effect so declared by the plaintiff.

The claim for removal is asserted upon these propositions: That the complaint states a separate cause of action against each defendant, the one against the author of the primary wrong for the use of defective machinery and negligence in its operation, which produced the injury, and the other against the independent vessel owner, out of the relation of master and servant, for failure to warn the servant of the danger imposed by the coal company and failure to furnish him a safe place in which to work; that the latter is not charged with participation in the primary wrong, but for negligence of another and distinct character; that any liability is therefore several, and not joint. There would be force in this contention if the premises upon which it rests were true,—that the creation of joint liability in tort depends wholly upon proof that the same act of wrongdoing was participated in by both tort feasors, or that they were in concert, had a common intent, or were engaged in a joint undertaking. Thus restricted, it would become necessary to ascertain whether the allegations connect the petitioning defendant with the primary wrong, either by co-operation or by adoption or assent. But the rule under which parties become jointly liable as tort feasors extends beyond acts or omissions which are designedly co-operative, and beyond any relation between the wrongdoers. If their acts of negligence, however separate and distinct in themselves, are concurrent in producing the injury, their liability is joint as well as several. 1 Suth. Dam. 212. Each becomes liable because of his neglect of duty, and they are jointly liable for the single injury inflicted because the acts or omissions of both have contributed to it.

In Bishop on Noncontract Law (section 518) it is stated that:

"The rule of the law is that a person contributing to a tort, whether his fellow contributors are men, natural or other forces, or things, is responsible for the whole, the same as though he had done all without help."

And Wharton's Law of Negligence (section 395) says:

"The comparative degrees in the culpability of the two will not affect the liability of either. If both were negligent in a manner contributing to the result, they are liable, jointly or severally."

This rule is recognized and approved in Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, and in Village of Carterville v. Cook, 129 Ill. 152, 22 N. E. 14, 16 Am. St. Rep. 248, and instructive notes at page 250. The authorities in support of such extension of the rule are numerous, and the following citations are deemed sufficient: Colegrove v. Railroad Co., 20 N. Y. 492; Barrett v. Railroad Co., 45 N. Y. 628; Bunting v. Hogsett, 139 Pa. St. 363, 21 Atl. 31, 33, 34; Klauder v. McGrath, 35 Pa. St. 128; Stone v. Dickinson, 5 Allen, 29; Osage City v. Larkin, 40 Kan. 206, 19 Pac. 658; Cuddy v. Horn, 46 Mich. 596, 10 N. W. 32; Flaherty v. Railroad Co., 39 Minn. 328, 40 N. W. 160.

In this complaint it is alleged, in substance, against the Ketchum Steamship Company, that it employed the plaintiff, and placed him without warning at work in the place where he was exposed to the danger, which was unknown to him and well known to the employer. Proof of these allegations would clearly show actionable negligence on its part contributing to the injury, and, under the rule above stated, would justify the joint action. The plaintiff is entitled to seek his remedy against all who thus contributed to produce the injury, and without regard to the questions of primary wrongdoing or comparative culpability or of co-operation. The removal acts are applicable only when a case is made for removing the whole controversy, and cannot serve to deprive the plaintiff of his right to maintain the joint action, or to compel the nonpetitioning defendant to come into the federal jurisdiction. The motion to remand must be granted, and it is so ordered.