CHRISTINA MAYBERRY v. NORTHERN PACIFIC RAILWAY COMPANY and Others.[1]

January 25, 1907.

Nos. 14,949—(129).

**Master and Servant.**

Joint action against a master and his servant may be maintained, when based upon the negligent or other act of the servant for which the master is liable.

**Action—Joinder of Causes.**

When several acts of negligence concur in giving rise to a single right of action, they may be united in the same complaint, under section 4154, R. L. 1905, which permits several causes of action to be joined in the same pleading, when they arise out of the same transaction or transactions.

**Right of Contribution.**

The rule that the right of contribution does not exist as between joint tort-feasors has no application to torts which are the result of mere negligence.

Separate appeals by defendant Northern Pacific Railway Company, and defendants David Wilson and Joseph Julien, from an order of the district court for Hennepin county, Dickinson, J., overruling their separate demurrers to the complaint. Affirmed.

[1] Reported in 110 N. W. 356.

*C. W. Bunn* and *L. T. Chamberlain,* for appellant Northern Pacific Railway Company.

*C. D. & R. D. O'Brien,* for appellants Wilson and Julien.

*F. D. Larrabee,* for respondent.

BROWN, J.

This action was brought to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendants. The railroad company and individual defendants separately demurred to the complaint, assigning as ground thereof that two causes of action were improperly united therein. The demurrers were overruled, and separate appeals taken to this court. The only question presented is whether the demurrers were well taken.

The complaint alleges substantially the following facts: Plaintiff's intestate, at the time of the accident causing his death, was in the employ of defendant railroad company as a switchman in its yards at Minneapolis. Defendants Wilson and Julien were also in the employ of defendant company in the same yards and were fellow servants of deceased. Wilson was employed in the capacity of engineer, and engaged in operating a switch engine, and Julien was a switchman. While deceased was in the due discharge of his duties, and without fault on his part, he received certain injuries to his person, resulting in his death, caused and occasioned, as alleged in the complaint, by the negligence of defendants in two respects, viz.: (1) That defendant company was guilty of negligence, contributing to his death, in placing, or causing to be placed, a car upon a side track in such close proximity to an adjoining track near a switch that deceased came in contact therewith while riding upon another car on an adjoining track, knocking him therefrom and upon the track, upon which a car was then approaching; and (2) that the other defendants, fellow servants of deceased, were guilty of negligence, contributing to his death, in failing to observe certain signals given them by deceased to go forward, instead of doing which they caused the engine and cars then under their control to back over and upon the body of deceased, immediately after he was knocked from the car alleged to have been negligently placed upon the adjoining track by the company.

There are no allegations connecting Wilson and Julien with the

act charged against the company in placing the car so close to the adjoining track as to leave insufficient space for the passage of other cars being switched in the yards. Negligence in this respect is charged against the company alone. Nor is the company charged with misconduct or failure of duty in connection with the alleged negligence of Wilson and Julien; recovery being sought against it for their negligence under the fellow-servant statute.

It is contended by defendants that there is an improper joinder of causes of action, for the reasons (1) that the negligence of the company in rendering the place in which deceased was required to perform his work unsafe, by placing the car which struck him in an improper position, has no connection with the negligence of Wilson and Julien in causing another car to run upon and kill him, and (2) that the cause of action against Wilson and Julien arises at common law by reason of their negligence, and is wholly disconnected with the statutory liability of the company—in other words, that the liability of each defendant is separate and independent, giving rise to separate actions for damages, and consequently cannot be united in the same complaint.

The principal question presented, as we view the case, is whether the statutory liability of the railroad company and the common-law liability of the fellow servants of deceased may be united in the same complaint. The alleged negligence of the company in placing the car upon the side track is but an incidental fact, inseparably connected with and concurring in the accident, and in no proper view an independent cause of action. Louisville v. Mothershed, 97 Ala. 261, 12 South. 714. So we turn our attention to the question whether the statutory liability of the company may be joined in the same action with the common-law liability of the fellow servants, and a joint recovery be had against both. In the case at bar, this question narrows down, it would seem, to whether there is a misjoinder of parties defendant, rather than an improper joinder of causes of action. Plaintiff has but one cause of action, viz., the wrongful acts of defendants in causing the death of her intestate; and this right of action exists by virtue of the statutes which authorize suit in such cases by the administrator of the estate of the deceased person. It is a single right of action, and is not rendered double by reason of the fact

100 M.—6

that it has its origin in the separate negligent acts of defendants. So the real question is whether, under the circumstances disclosed by the allegations of the complaint, defendants may be proceeded against jointly.

We have no statute in this state fixing any rule upon the subject of the joinder of parties defendant in actions in tort. Section 4062, R. L. 1905, refers only to actions upon contract. We must, therefore, refer to the rules of the common law controlling the question in determining whether the action at bar was properly brought against all the defendants. An examination of the books discloses an irreconcilable conflict in the decisions upon the question. It is held by some courts that separate persons, acting independently, but causing together a single injury, are joint tort-feasors, and may be sued either jointly or severally at the election of the plaintiff, and that it is not essential that the defendants in such case shall have acted in concert. Matthews v. Delaware, 56 N. J. L. 34, 27 Atl. 919, 22 L. R. A. 261; 15 Enc. Pl. & Pr. 559. Other courts uphold the converse of the proposition, maintaining the rule that joint or concerted action on the part of all the defendants is essential to the right of joinder in the same suit. Parsons v. Winchell, 5 Cush. 592, 52 Am. Dec. 745. The case of Trowbridge v. Forepaugh, 14 Minn. 100 (133), may be said to support this view.

We do not feel called upon, however, to analyze the cases on this subject, for the purpose of evolving a rule applicable to tort actions in general; for the weight of authority sustains the right of an injured party to join in the same action parties bearing the relation to each other of the defendants in this case, namely, master and servant, the right of action springing from the wrongful act of the servant for which the master is responsible. The authorities even upon this branch of the subject are by no means harmonious, but the weight of reason sustains the right of joinder. The following authorities sustain this position: Newman v. Fowler, 37 N. J. L. 89; Greenberg v. Whitcomb, 90 Wis. 225, 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. 911; Wright v. Compton, 53 Ind. 337; Consolidated v. Kiefer, 26 Ill. App. 466; Southern v. Sittasen (Ind. App.) 74 N. E. 898; Lynch v. Elektron, 94 App. Div. 408, 88 N. Y. Supp. 70; Wright v. Wilcox, 19 Wend. 343, 32 Am. Dec. 507; Colegrove v. New York,

20 N. Y. 492, 75 Am. Dec. 418; Cuddy v. Horn, 46 Mich. 596, 10 N. W. 32, 41 Am. 178.

No substantial reason can be given for requiring separate actions in such cases. On the contrary, the orderly administration of justice will be conserved by permitting the joinder. Both parties are liable for the consequences of the negligent acts of the servant, and one action and one recovery will terminate the litigation and avoid the necessity of separate trials of the same issue. So long as the liability of each defendant is identical, upon the same state of facts, it is of no material consequence that the liability of one arises at common law and that of the other under the statutes imposing liability upon the master for the negligence of his servants.

One of the principal reasons assigned by those courts which hold such a joinder improper is that the right of contribution is lost and cannot be resorted to by one against the other codefendant. This reason, as applied to cases of this kind, is unsound. There is, it is true, a general rule that the right of contribution does not exist as between joint tort-feasors; but it applies only between persons who by concert of action intentionally commit the wrong complained of. Where there is no concert of action in the commission of the wrong, the rule does not apply. In such cases the parties are not in pari delicto as to each other, and as between themselves their rights may be adjusted in accordance with the principles of law applicable to the relation in fact existing between them. The rule does not apply to torts which are the result of mere negligence. Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Churchill v. Holt et al., 127 Mass. 165, 34 Am. 355; Acheson v. Miller, 2 Oh. St. 203, 59 Am. Dec. 663; Torpy v. Johnson, 43 Neb. 882, 62 N. W. 253; Adamson v. Jarvis, 4 Bing. 66; 9 Cyc. 804; 7 Am. & Eng. Enc. (2d Ed.) 365. Other reasons assigned in support of the theory that the master and servant may not be joined in the same action are purely technical and entitled to no special consideration.

It would seem, also, that section 4154, R. L. 1905, disposes of the question adversely to appellant's contention, considered from the standpoint of separate causes of action, and not mere joinder of parties defendant. That statute provides that two or more causes of action may be united in one pleading when they arise out of the same

transaction or transactions, affect all the parties to the action, and do not require separate places of trial. This authorizes the joinder of separate causes of action when the conditions named in the statute exist, and it is not important that the defendants named are not all affected alike. If the several causes of action pleaded arise out of the same transaction, they may be joined in one suit, although the defendants named may be affected in different degrees of responsibility. That causes of action in tort are included within the meaning of this statute is quite obvious. The word "transaction," as there used, embraces something more than contractual relations. It includes any occurrences or affairs the result of which vests in a party the right to maintain an action, whether the occurrences be in the nature of tort or otherwise. Lamming v. Galusha, 135 N. Y. 239, 31 N. E. 1024; Scarborough v. Smith, 18 Kan. 399; King v. Coe Commission Co., 93 Minn. 52, 100 N. W. 667. The plaintiff's right of action in the case at bar, as already observed, is for the death of her intestate, and is founded in the wrongful conduct of defendants in the operation of the company's business in its switchyards at Minneapolis. What occurred there, either in committing wrongful acts or negligently failing to take such action or steps as would prevent the injury complained of, amounts to a transaction or transactions, within the meaning of the statute, and the several acts concurring and resulting in the death of plaintiff's intestate may properly be united in the same complaint.

In either view of the case, Trowbridge v. Forepaugh, supra, is not in point. No relation whatever existed between the defendants in that case—either master and servant, principal and agent, or otherwise—and the acts and omissions there complained of as causing the injury, and for which liability existed, were wholly separate and independent. The city was not liable in that case for the negligence of its codefendant, nor was its codefendant liable for its negligence.

Order affirmed.