# WILLIAM DOYLE v. ST. PAUL UNION DEPOT COMPANY AND ANOTHER.[1]

November 24, 1916.

Nos. 19,948—(93).

**Pleading — demurrer for misjoinder of causes does not lie.**

A complaint against two defendants, alleging that their concurrent negligence caused an injury to the plaintiff, is good against a demurrer for misjoinder of causes, though the liability of one defendant rests upon the Federal Employer's Liability Act, and that of the other upon the common law.

[1] Reported in 159 N. W. 1081.

Action in the district court for Ramsey county to recover $15,000 for injuries sustained while in the employ of defendant depot company. Defendants demurred to the complaint, and the separate demurrers were overruled, Dickson, J., who certified the question presented by the demurrers as important and doubtful. From the order overruling the demurrers, defendants appealed. Affirmed.

*Stringer & Seymour* and *Briggs, Thygeson & Everall,* for appellant.

*James R. Hickey* and *C. G. Kinney,* for respondent.

DIBELL, C.

The plaintiff brought this action against the St. Paul Union Depot Company and the Chicago Great Western Railroad Company to recover damages for personal injuries. The defendants demurred separately, upon the ground of misjoinder of causes of action. Their demurrers were overruled. They appeal from the order overruling them.

The plaintiff was employed by the defendant, a common carrier by railroad, in interstate commerce. While so employed, he was struck and injured by a train of the Chicago Great Western. The defendants did not act in concert in the accomplishment of a common purpose. Their negligence was not joint but was concurrent. There was one injury. The negligent acts of the two defendants concurred in producing it.

No statute affects the right to join parties defendant in actions of tort. The provisions of G. S. 1913, § 7683 (R. L. 1905, §4062), refer to actions on contract. It is the settled law of this state, construing the common law, that parties whose concurrent negligence causes an injury may be joined as defendants, and that all are liable though not acting in concert. See Mayberry v. Northern Pacific Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754; Twitchell v. Glenwood-Inglewood Co. 131 Minn. 375, 155 N. W. 621, and cases cited. Virtue v. Creamery Package Mnfg. Co. 123 Minn. 17, 142 N. W. 930, 1136, L.R.A. 1915B, 1179, and cases cited.

The right to join causes of action is fixed by the statute as follows:

"Two or more consistent causes of action, whether legal or equitable, may be united in one pleading, being separately stated therein: Provided,

that they must affect all parties to the action, must not require separate places of trial, and must be included in one only of the following classes:

"1. The same transaction, or transactions connected with the same subject of action; * * *

"3. Injuries to either person or property, or both." G. S. 1913, § 7780 (R. L. 1905, § 4154).

If there is a single cause of action in the plaintiff, the question of misjoinder does not arise. If there is more than one, it does arise. Under our decisions, whichever view of the situation is taken, there is no misjoinder. Flaherty v. Minneapolis & St. L. Ry. Co. 39 Minn. 328, 40 N. W. 160, 1 L.R.A. 680, 12 Am. St. 654; Mayberry v. Northern Pacific Ry. Co. 100 Minn. 79, 110 N. W. 856, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754; Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A.(N.S.) 569; Jackson v. Orth Lumber Co. 121 Minn. 461, 141 N. W. 518; Petcoff v. St. Paul City Ry. Co. 124 Minn. 531, 144 N. W. 474.

In the Flaherty case the plaintiff was injured by a collision between a train on which he was a passenger and a train of another road. The negligence of the two roads was concurrent. A demurrer on the ground of misjoinder of causes was overruled. In the Mayberry case the action was against an employer and its employee for negligence resulting in an injury to another employee. The demurrer was overruled. The Jackson case involved an injury resulting from the negligence of the employer in failing to guard machinery as required by statute and the negligence of one of its employees, and in the Petcoff case there was concurrent negligence of the plaintiff's employer and a third party. In each there was a demurrer for misjoinder and in each it was overruled. In the Fortmeyer case the action was against several defendants for an injury caused by a defective sidewalk. The complaint was sustained against a demurrer for misjoinder. Here the duty to keep the street in proper condition was a duty common to all the defendants. The court said that the plaintiff had but one cause of action, which was for the recovery of damages by reason of a defect in the sidewalk.

It is apparent that the ground of liability of the two defendants is different. One may be liable or both may be liable. The liability of the depot company is dependent upon the Federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 St. 65); that of the railroad company

upon the common law. There is nothing significant in this. In the Mayberry case the liability of one defendant rested upon a statute, and that of the other on the common law. The same is true of the Jackson case. Contributory negligence is a complete defense to the railroad company. It is only a partial defense to the depot company. This is not of consequence. In the Flaherty case one defendant was liable if it failed to exercise ordinary care, and the other was liable if it failed to exercise the highest degree of care consistent with the discharge of its duties as a carrier. That the measure and amount of recovery against different defendants may be different, and in supposable cases they might be, is not important. If the defendants are liable in different amounts, their different liabilities can be found and declared. See Rauma v. Lamont, 82 Minn. 477, 85 N. W. 236. Such considerations as those mentioned suggest that the presentation of a case to the jury may, in particular cases, be more difficult than is usual, but do not affect the propriety of the joinder or the right of recovery.

Order affirmed.