# MAYSONET

*v.*

# SAN ANTONIO COMPANY.

---

San Juan, Law, No. 1379.

ALLEGATIONS OF NEGLIGENCE.

Personal Injuries—Negligence.
  1. A complaint alleging that freight to be moved was so piled as to be unstable, and accordingly fell and injured plaintiff, is sufficient. Alleging quo modo is not necessary.

Maysonet v. San Antonio Co.

Personal Injuries—Co-operating Agency.

2. If, in carrying out one business enterprise, one defendant does something, which, co-operating with another defendant, injures the plaintiff, both are liable.

Opinion filed July 30, 1920.

*Messrs. De La Haba & Francis* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. This is a suit for personal injury by an employee of the American Railroad Company, caused by the falling of railroad ties which he was loading on a car from a pile made by the employees of the San Antonio Company. A demurrer has been filed setting up that acts of negligence have not been shown so far as regards the San Antonio Company. The complaint alleges that the San Antonio Company piled the crossties in a negligent and careless way in that the ties were piled horizontally and not in layers at right angles, which made it dangerous for plaintiff to work, and as a result the ties fell down and broke plaintiff's leg. The complaint alleges that the piling was negligent because done in a certain way. The court cannot say that this is not so. That is a question of fact which will have to be tried out. It is certainly possible that the ties were piled so high that as some were removed the rest could not remain intact and so fell down. Or it may be that the crossties in question were round and, therefore, as some were removed others rolled over and fell down. There might be other contingencies which would show negligence. It is not

Maysonet v. San Antonio Co.

necessary to give the details of the negligence, and it would seem that a demurrer as to the quo modo is not well taken. The allegation in this case is in effect that the crossties were so piled as to be unstable and that they fell down and injured the plaintiff. This would be negligence.

2. The demurrer further raises the point that the defendant dock company had nothing to do with plaintiff's working there and therefore is not responsible for his injury. It is not necessary, however, that the plaintiff be an employee of the dock company, provided the negligence of the dock company injured him. The rule is to be regarded as well settled in the complexities of modern business life that if one defendant does an act which is an integral part of the injury while another defendant does a further act which co-operates, both are regarded as responsible, although the act of the one alone would not have been sufficient. In the case at bar the dock company is alleged to have furnished dock room for crossties and to have piled them up with the expectation, which was carried out, that the railroad company would use its employees to load these same ties upon its own freight cars to complete the movement of the freight. Both companies were co-operating in a business enterprise, and the injury would not have occurred unless there had been negligence on the part of the dock company. 38 Cyc. 488; Brown v. Coxe Bros. & Co. 75 Fed. 689. The allegation is that both companies were negligent in a manner contributing to the injury. Whether these facts can be proved, and whether the plaintiff did not himself contribute, is a different question which does not arise at present.

The demurrer is therefore overruled.

It is so ordered.