NEWSUM v. PENNSYLVANIA R. CO.
(WILLIAMS et al., Third Party Defendants).

District Court, S. D. New York.
July 1, 1948.

Leo Gitlin, of New York City, for plaintiff.

Louis J. Carruthers, of New York City (William A. Colton, of St. Albans, N. Y. of counsel), for Pennsylvania R. Company.

John F. X. McGohey, U. S. Atty., of New York City (Nathan Skolnik, Asst. U. S. Atty., of New York City, of counsel), for the United States.

GODDARD, District Judge.

This is a motion by the third party defendant, the United States of America, to dismiss the third party complaint of the Pennsylvania Railroad Company on the ground that the court lacks jurisdiction of the subject matter of the third party action.

The original action was brought by plaintiff against the defendant pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Acts, 45 U.S.C.A. §§ 1 to 23, to recover damages for personal injuries sustained by the plaintiff during the course of his employment with the Pennsylvania Railroad Company.

The plaintiff's complaint, in brief, alleges that on March 5, 1946 while employed as a baggage man by the Railroad Company at its station in New York City, he was run over by a truck; that the negligence of the defendant Railroad Company consisted of the failure to provide him a safe place to work, failure to observe his position, failure to warn plaintiff of the movement of the truck, failure to maintain proper and adequate lighting, violation of the company rules, and failure to provide and maintain properly equipped trucks.

The third party complaints allege that the plaintiff was injured, if at all, through the negligent operation by the United States, its agents or employees of a United States Mail truck which was operated by the third party defendant Edward T. Williams.

Paragraph VII of the third party complaint alleges:

"That if the defendant and third party plaintiff, the Pennsylvania Railroad Company, is held responsible to the plaintiff, such responsibility arose out of acts and conduct of the third-party defendant, the United States of America, and/or its agent, servant or employee, the said Edward T. Williams in connection with its operation and control of the aforesaid truck and was due to the negligence of Edward T. Williams and the defendant and third party plaintiff is entitled to be indemnified for any recovery that may be had against it together with the expense of defending this action."

The Pennsylvania Railroad Company urges that its claim is one within the language and intent of the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.[1]

---

1 "§ 931. Jurisdiction; liability of United States; judgment; election by claimant; amount of suit; administrative disposition as evidence.

"(a) Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individ-

This the government denies and contends that in view of the requirement that the statutes waiving sovereign immunity must be strictly construed, a claim for indemnity being based on an equitable theory of implied contract is not within the limited coverage of the Act.

■ In Niagara Fire Ins. Co. et al. v. United States, D.C., 76 F.Supp. 850, Judge Medina, in a well considered opinion, after relating the historical background of the Federal Tort Claims Act, and discussing the decisions both for and against, held that insurers and other subrogees, as well as those originally sustaining damages, may sue under the Federal Tort Claims Act. My own examination of the Act, its purpose and the various cases, finds me in accord with his conclusion.

■ Insofar as the Federal Tort Claims Act is concerned and the right to sue, there is no substantial difference between the position of an indemnitee and a subrogee, each is founded upon the principle that a benefit has been conferred on one party at the expense of the other party. 42 C.J.S., Indemnity, § 3; see also § 21 and cases cited.

■ In Aetna Casualty & Surety Co. v. United States, D.C., 76 F.Supp. 333, holding that an employer as subrogee could not maintain an action against the government under the Federal Tort Claims Act, the point that the claim of the subrogee arises under a contract of insurance is stressed. The liability of the United States to the Pennsylvania Railroad Company is not founded upon a contract. The liability of the United States [if any] is based upon the simple theory that the Railroad Company is being sued for damages for personal injuries sustained by one of its employees, which injuries it is alleged were caused by the negligent operation of a mail truck, operated by a servant or employee of the United States while engaged in government service, and that if a judgment be rendered against the Railroad Company, it is entitled to be indemnified by the United States.

The only other distinction between the original action and the Niagara Fire Ins. Co. case is that in the Niagara case the original claim was based on common law principles and in the case at bar the case is founded upon statutory rights. However, these statutory rights primarily are based on the common principles of negligence.

I think that the reasoning and decision in Niagara Fire Ins. Co. v. United States, supra, applies with equal force to the case at bar.

It is also to be noted that the Circuit Court of Appeals of the 9th Circuit has reversed Rusconi v. United States, D.C., 74 F.Supp. 669, and sustained the right of a subrogee to intervene. Employers Fire Ins. Co. v. United States, 9 Cir., 167 F.2d 655.

The motion of the United States to dismiss for lack of jurisdiction of the subject matter of the third party complaint is denied.

Settle order on notice.

---

ual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages: Provided, however, That in any case wherein death was caused, where the law of the place where the act or omission complained of occurred, provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for ac- tual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons, respectively, for whose benefit the action was brought, in lieu thereof. Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorney's fees."