LAWRENCE, Plaintiff v. GREAT NORTH-
ERN RY. CO. (Walter D. Giertsen Co.
et al. third-party defendants).

No. 3608.

United States District Court,
D. Minnesota, Fourth Div.

July 6, 1951.

Bergmann Richards and Snyder, Gale, Hoke, Richards and Janes, of Minneapolis, Minn., appeared in behalf of third-party defendant Walter D. Giertsen Co.

Wright W. Brooks and Faegre and Benson, of Minneapolis, Minn., appeared in behalf of third-party defendant Waylander-Peterson Co.

Edwin C. Matthias, Anthony Kane, and J. H. Mulally, of St. Paul, Minn., appeared in behalf of Great Northern Ry. Co.

NORDBYE, Chief Judge.

The motions to dismiss are bottomed upon two grounds; first, that the Court has no jurisdiction of the third-party defendants because no diversity of citizenship or other grounds of federal jurisdiction exist, and second, that the third-party proceeding would involve different issues and rules of law than are involved in the original proceeding, which would render the proceedings more complicated to the prejudice of the rights of the third-party defendants.

The plaintiff, James Lawrence, Sr., a switch foreman in the employ of the defendant, Great Northern Railway Company, brings this action against the defendant under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. He alleges that, while in the performance of his duties as a switch foreman, he was walking under a bridge which was being rebuilt over the defendant's tracks and that, while in the course of his employment, a large timber fell from the bridge and struck him, causing serious injuries. The negligence of the Railway Company is based primarily upon its alleged failure to exercise reasonable care in affording plaintiff a safe place to work. The third-party defendants, which are the contractor and sub-contractor respectively, were engaged in the rebuilding of the bridge pursuant to a contract with the State Highway Department acting through the City of Minneapolis. The third-party complaint sets forth that the third-party defendants, or one of them, negligently left a timber near the edge of the bridge in such a position that it would fall off and that it was this timber which subsequently fell and struck the plaintiff. The Railway Company in its third-party complaint demands judgment against the third-party defendants for all sums that may be adjudged against it in favor of plaintiff.

Before the question of jurisdiction is discussed, the second ground of the third-party defendants' motions may be considered. At the outset, it should be noted that the Railway Company had nothing to do with the construction of the building of the bridge. There was no concert of action between the defendant and third-party defendants. If there is any liability on the part of the third-party defendants and the Railway Company to the plaintiff, their negligence was not joint, but concurrent. They are not in pari delicto. Under the pleadings, if the Railway Company is liable, the liability arises because it failed to exercise reasonable care in furnishing plaintiff a safe place to work and any liability under the Federal Employers' Liability Act on these grounds would be imputed to it by reason of the alleged acts of the third-party defendants. The defendant has not requested contribution, but rather indemnity on the grounds that the third-party defendants are solely responsible for the timber falling off the bridge. Apparently it is recognized that the rights to obtain indemnity must be determined under the Minnesota law. This State recognizes the right of contribution and indemnity under certain circumstances as between parties whose negligence is concurrent. However, as stated in Duluth, Missabe & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N.W. 766, there must be a common liability in order to sustain the right of indemnity. Hence, the facts and the applicable law must establish liability to the plaintiff on the part of one or both of these third-party defendants before there would be any liability over to the Railway Company. The differences in the applicable law of tort liability on the part of the Railway Company to the plaintiff and on the part of the third-party defendants to the plaintiff present the complications which the movants allege as grounds for invoking the Court's discretion in granting their motions to dismiss. It is pointed out that, as to the third-party defendants, contributory negligence would be a complete defense, and as to the Railway Company only a partial de-

fense, and moreover, that assumption of risk is a defense under the common law liability which must form the basis of any liability of the third-party defendants to the plaintiff, while that defense is abolished as to the Railway Company under the Federal Employers' Liability Act. These differences in the applicable law present such complications, according to the movants, that the jury would become confused and unable to apply these principles of law clearly and intelligently, to the prejudice of the rights of the third-party defendants. That there may be substance to the fears of the movants in this regard may be conceded, but I do not believe that they loom so formidably that the motions should be granted. And there is nothing anomalous or exceptional in our procedure in submitting these issues to one jury. This plaintiff, under the Minnesota law, would have a right to sue this Railway Company and these third-party defendants in one action in State Court and one jury would have to determine the respective liability of each of these defendants, with contributory negligence and assumption of risk being a complete defense as to the contractors and with contributory negligence only a partial defense as to the Railway Company. Our State Supreme Court in Doyle v. St. Paul Union Depot Co., 134 Minn. 461, 159 N.W. 1081, recognized the right of a plaintiff to join a depot company under the Federal Employers' Liability Act and another under the common law in an action in tort. The court stated, 134 Minn. at page 463, 159 N. W. at page 1082, "It is apparent that the ground of liability of the two defendants is different. One may be liable or both may be liable. The liability of the depot company is dependent upon the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 St. 65 [45 U.S.C.A. § 51 et seq.]); that of the railroad company upon the common law. There is nothing significant in this. In the Mayberry case [Mayberry v. Northern Pac. R. Co., 100 Minn. 79, 110 N. W. 356, 12 L.R.A.,N.S., 675] the liability of one defendant rested upon a statute and that of the other on the common law. The same is true of the Jackson Case [Jackson v. Orth Lumber Co., 121 Minn. 461, 141 N.

W. 518]. Contributory negligence is a complete defense to the railroad company. It is only a partial defense to the depot company. This is not of consequence. In the Flaherty Case [Flaherty v. Minneapolis & St. L. Ry. Co., 39 Minn. 328, 40 N.W. 160, 1 L.R.A. 680] one defendant was liable if it failed to exercise ordinary care and the other was liable if it failed to exercise the highest degree of care consistent with the discharge of its duties as a carrier. That the measure and amount of recovery against different defendants may be different, and in supposable cases they might be, is not important. If the defendants are liable in different amounts their different liabilities can be found and declared. See Rauma v. Lamont, 82 Minn. 477, 85 N.W. 236. Such considerations as those mentioned suggest that the presentation of a case to the jury may in particular cases be more difficult than is usual but do not affect the propriety of the joinder or the right of recovery."

In applying Rule 14, Fed.Rules Civ.Proc. 28 U.S.C.A. the court must recognize that it is directed primarily to the avoidance of circuity of actions and that it should be construed liberally. If the defendant Railway Company is liable to this plaintiff, then it should not be required to commence another action and go over the same facts in order to determine whether or not it is entitled to indemnity from these third-party defendants. Obviously, if it is not liable to the plaintiff, then it would follow that the question of indemnity would become moot in this proceeding. Granted that the determination of the liability of the third-party defendants will present issues to the jury which are more difficult than usual, that fact will not justify a denial of defendant's rights under Rule 14. In passing, it may be observed that appropriate interrogatories could be submitted to the jury so that the differences in the applicability of the contributory negligence rule could be clarified and confusion avoided. In any event, the purposes of Rule 14 should not be thwarted in absence of substantial and impelling reasons. The obvious trend in the decisions is to extend rather than to limit third-party

procedure. The Supreme Court recently handed down a decision in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, in which case the United States was impleaded under Rule 14 in a tort action where the Yellow Cab Company was sued and the accident which formed the basis of plaintiff's case was a collision between a Yellow cab and a mail truck. Its statement on page 556 of 340 U.S., on page 407 of 71 S.Ct. seems pertinent:

" * * * The availability of third-party procedure is intended to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings. The possibility of such procedural difficulties is not sufficient ground for so limiting the scope of the Act as to preclude its application to all cases of contribution or even to all cases of contribution arising under third-party practice. If the Act develops unanticipated complications, Congress can then meet them to such extent as it may desire to fit the demonstrated needs."

And see Newsum v. Pennsylvania R. Co., D.C.S.D.N.Y., 79 F.Supp. 225, cited by the Supreme Court in the Yellow Cab case in the footnote on page 555 of 340 U.S. on page 407 of 71 S.Ct. There, the Pennsylvania Company was sued under the Federal Employers' Liability Act and was permitted to implead the United States and the driver of one of its mail trucks under Rule 14 as tort feasors from whom indemnity was sought. See, also, Pyzynski v. New York Central R. Co., D.C.W.D.N.Y., 7 F.R.D. 302.

The remaining ground urged in support of the motions that the Court has no jurisdiction of the third-party complaint because diversity of citizenship is lacking and no federal question is involved, has been set at rest by the majority of the courts which have passed upon this question contrary to movants' position herein. The main claim under the Federal Employers' Liability Act admittedly invokes the jurisdiction of this Court. The claim of indemnity or contribution in the event the defendant herein is required to pay damages to the plaintiff is ancillary to the main action. To adjudicate the interrelated matter of contribution or indemnity in a case where jurisdiction has been rightfully invoked is not an extension of jurisdiction, but rather a recognition of well-established principles of federal jurisdiction. Kelly v. Pennsylvania R. Co., D.C.E.D.Pa., 7 F.R.D. 524, and cases cited on page 527; Moncrief v. Pennsylvania R. Co., D.C., 73 F.Supp. 815, which involved the question of venue in a third-party proceeding, but discusses jurisdictional requirements: Pyzynski v. New York Central R. Co., supra. And see Federal Practice and Procedure, Barron and Holtzoff, Vol. I, Section 424, Jurisdiction and Venue under Rule 14.

It follows from the foregoing that the respective motions of the third-party defendants to dismiss must be and hereby are denied. It is so ordered. An exception is reserved.