### GINSBURG v. STANDARD OIL CO. OF NEW JERSEY (McNULTY et al., Third-Party Defendants).

### PAINTER v. SAME.

District Court, S. D. New York.

Oct. 18, 1945.

On Reargument Dec. 14, 1945.

George J. Engelman, of New York City, for plaintiffs.

Kirlin, Campbell, Hickox & Keating, of New York City (Walter X. Connor, of New York City, of counsel), for defendant and third-party plaintiff.

Alexander & Ash, of New York City (Joseph M. Meehan and Sidney A. Schwartz, both of New York City, of counsel), for McNulty Shipyards.

HULBERT, District Judge.

These are motions to dismiss the amended complaints and the third party complaints in both actions against the third party defendants, upon the ground that the said pleadings fail to state a claim upon which relief can be granted and upon the further ground that it is sought to join in one action an alleged cause of action under the Jones Act, 46 U.S.C.A. § 688, and an alleged cause of action upon common law negligence.

The plaintiffs in both actions commenced the civil suits under the Jones Act against their employer, Standard Oil Company of New Jersey. In each of said actions, the plaintiff had originally alleged three separate causes of action, the first of which was for indemnity for personal injuries, the second for maintenance and cure and the third, for wages. The seventh allegation of the first cause of action recites that the accident was caused wholly and solely through the negligence of the defendant.

After the complaints were filed and served, with the summons, on Standard Oil Company, the latter obtained ex parte orders in each action permitting it to bring in a third party defendant under Rule 14, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Standard Oil thereupon, pursuant to said order, served a third party complaint on the third party defendant which contained allegations of negligence and a right of indemnity arising out of contract.

Thereafter, pursuant to Rule 14(a), Federal Rules Civil Procedure, the plaintiffs amended their complaints in order to assert a cause of action in each complaint directly against the third party defendant. Said amended complaint alleges four causes of action: against Standard Oil (1) for damages for personal injuries; (2) maintenance and cure; (3) wages, and (4) against the third party defendant, solely, in which it is alleged that while plaintiff was engaged as an employee of Standard Oil on a life raft, upon which plaintiff was working, it fell, owing to the negligent installation of the raft by the third party defendant, as a result of which the plaintiff was injured.

In opposition to the motions herein, the attorney for the Standard Oil Company alleges that the motions are not timely because they were brought more than 20 days after the service of the third party complaints.

Moreover, these are motions to dismiss on the grounds (1) that the pleadings in issue fail to state a claim upon which relief can be granted and (2) for the reason that the joinder herein will cause confusion on the trial.

■ A motion to dismiss for failure to state a claim is so basic that it may even be raised on the trial. See, 1 Moore's Federal Practice, 638.

■ The joinder by the plaintiff in his amended complaint of a Jones Act suit with a third party common law action for negligence is improper and would tend to prejudice the rights of the third party defendants. See Eggleston v. Republic Steel Corp. et al., D.C. 47 F.Supp. 658. The motions to dismiss the amended complaints of the plaintiffs in both the above entitled actions are granted.

In each of the third party complaints the Standard Oil Company pleads the following contract between it and the third party defendant:

"9 (m) The Contractor shall indemnify and save harmless the Government and its agencies and instrumentalities, the vessel and the owner of the vessel, from all suits or actions and damages or costs of every name and description to which the Government and its agencies and instrumentalities, the vessel or the owner thereof may be subject or put by reason of injury (including death) to the person or property of another arising or growing out of the fault or negligence of the Contractor or any subcontractor, its or their servants, agents or employees."

■ The defendant employer can neither plead and prove assumption of risk nor contributory negligence as a complete defense. The third party would be deprived of the benefit of both such defenses which are applicable in a common law action for negligence. The motions to dismiss the third party complaints must also be granted. Settle orders on notice.

## On Reargument.

The defendant third-party plaintiff, Standard Oil Company of New Jersey, moved for a reargument of a motion, the disposition of which dismissed the amended complaints and third party complaints in the above entitled actions. See opinion of this Court dated Oct. 18, 1945.

In order that the parties might have a full opportunity to be heard the Court granted the motion for a reargument.

The principal question in issue is whether a cause of action under the Jones Act against one defendant can be joined with a cause of action against another defendant based upon common law negligence.

The plaintiff in each case, a seaman, sued the owner of the vessel upon which he was employed basing his claim for damages for injuries sustained solely through the negligence of the defendant, upon the Jones Act, 46 U.S.C.A. § 688, and demanding a jury trial.

The defendant, after issue joined, obtained ex parte orders permitting it to bring in the third-party defendant, shipyards, upon which it served a third-party complaint containing allegations of negligence and a right of indemnity arising out of contract.

Thereafter the plaintiffs amended their respective complaints in order to assert an additional cause of action against the third-party defendant, shipyards.

It might be here noted that the defendant third-party plaintiff, Standard Oil Company, is not an aggrieved party as regards the dismissal of the plaintiff's amended complaint against the third-party defendant, and the plaintiff has not moved for a reargument.

It is contended that the Court has overlooked the application of Rules 20 and 21, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. The former provides that all persons may be joined as defendants in an action, if, among other conditions, any question of law or fact common to all of them will arise in the action.

■ It is certainly likely that in this case certain questions of law and fact will arise which will not be common to all party defendants. The defendant employer can neither plead and prove assumption of risk nor contributory negligence as a complete defense, under the Jones Act, while the third-party defendant, shipyards, under the common law rule, could avail themselves of both.

■ Rule 21 refers to misjoinder of parties and not to misjoinder of causes of action.

I should adhere to my previous determination except for the unusual circumstances here presented.

As the record now stands the parties have pled themselves out of court.

█ In the first instance, the plaintiffs elected to sue the employer. The Jones Act case should first be tried. Until then, the defendant could not recover against the third-party defendant, shipyards. If the plaintiffs fail to establish a cause of action in the Jones Act case, the litigation against the defendant Standard Oil Company is at an end, but the plaintiffs would still have a right to litigate their claim (but not under the Jones Act) against the defendant, shipyards.

To relieve this complication, expedite the litigation, and minimize the cost thereof, the motion for a reargument will be granted to the extent of reinstating the pleadings, but, upon condition that the several claims or causes of action are severed and the suit under the Jones Act will be first tried. Settle order on notice.