## SEBO v. UNITED AIR LINES, Inc., et al.

United States District Court
S. D. New York.
June 6, 1950.

See also, 9 F.R.D. 702.

328

Mendes & Mount, New York City, for defendant, Douglas Aircraft Company, Inc.

No appearance for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, David L. Corbin and Douglas B. Bowring, New York City, of counsel, for defendant United Air Lines, Inc.

MEDINA, District Judge.

Defendant Douglas Aircraft Company, Incorporated, moves to strike the cross-claim of defendant United Air Lines, Inc., pursuant to Rule 11, F.R.C.P., 28 U.S.C.A.; to dismiss the cross-claim pursuant to Rule 12(b), F.R.C.P.; for a more definite statement, pursuant to Rule 12(e), F.R.C.P.; and to strike certain paragraphs of the cross-claim pursuant to Rule 12(f), F.R. C.P.

Plaintiff herein states four claims against the defendant United, and two claims against the defendant Douglas. All the claims arise out of an airplane accident in which plaintiff's decedent was killed. The defendant United was the operator of the airplane involved, and the defendant Douglas its manufacturer.

The four claims against United are as follows:

(1) Damages for wrongful death caused by United's allegedly reckless, careless, and negligent operation of the aircraft;

(2) Damages for wrongful death caused by United's operation of the airplane when it was allegedly in need of repairs, and allegedly in violation of safety regulations promulgated by the United States Civil Aeronautics Authority, by the United States Civil Aeronautics Board, and by the defendant United itself.

(3) Damages for the decedent's pain, suffering, and loss of personal property on the same grounds as (1) supra.

(4) Damages for the decedent's pain, suffering and loss of personal property on the same grounds as (2) supra.

The two claims stated by plaintiff against the defendant Douglas are:

(1) For wrongful death; and

(2) For the decedent's pain, suffering and loss of personal property; both on the ground that his death was caused by Douglas' allegedly careless and negligent construction and design of the airplane involved.

The cross-claim recites that the airplane which crashed was purchased by United from Douglas, that Douglas agreed that the airplane would meet all requirements "for Civil Aeronautics Authority certification in air carrier service at the take-off and landing weights and under the conditions set forth in the detailed specifications; Douglas also warranted to United that said airplanes would be free from defects in design and other defects arising from the manufacture thereof, and Douglas agreed with United that it would correct or repair such defects, including defects in design discovered or becoming apparent * * *" within a specified period.

There follow other allegations to the effect, in substance, that a defect was discovered which Douglas undertook to have corrected by making certain modifications in the airplane, specifying the modifications; the making of the modifications; the return of the airplane to service by United in reliance upon Douglas' approval and its allegedly superior knowledge and skill in designing, testing, and inspecting airplanes:

and the subsequent accident in which plaintiff's decedent was killed.

United then sets forth an extract from plaintiff's complaint against Douglas which alleges in part that " * * * the said airplane was carelessly and negligently constructed by the defendant, Douglas, * * *" and continues to specify the particular nature of the alleged negligence.

The cross-claim continues: "10. If defective and hazardous conditions existed in said airplane by reason of faults and omissions on the part of Douglas, as alleged by the plaintiff, then Douglas breached its agreements with United * * * ," specifying the nature of the breach. The first count of the cross-claim concludes: "If by reason of any of the foregoing matters United is liable to plaintiff in any amount, which it denies, then United is entitled to recover the amount of any such judgment from Douglas, together with all expenses incurred by it in defending against such claims."

The second count is identical to the first, except that it is based upon Douglas' alleged negligence rather than upon a contractual duty.

The initial question is whether United has stated a claim upon which relief may be granted. The sufficiency of the statement of the two cross-claims must be determined without resort to the extensive affidavits and other extrinsic proofs which have been submitted.

The language in paragraph 10 of the cross-claim—"defective and hazardous conditions" must be taken to refer to plaintiff's allegations against United that the accident occurred as a proximate result of the operation of the airplane when it was in need of repairs, set forth in paragraph Twenty-Second of plaintiff's complaint. Assuming arguendo and inter alia, that the jury finds that the airplane was in need of certain repairs, and that the negligent failure to make those repairs proximately caused the accident, United would be liable to plaintiff. Should the jury so find on the basis of sufficient evidence, there may be other evidence adduced in support of the cross-claim to warrant a finding that the defect or want of repair was primarily due to some breach by Douglas of a contractual or other duty owing to United. It seems to me that the provisions of Rule 13(g), concerning a cross-claim against a co-party, were intended to apply to this very type of situation.

It follows that United has stated a good cross-claim against Douglas, since a pleading should not be dismissed for insufficiency "unless it appears to a certainty that [the pleader] * * * is entitled to no relief under any set of facts which could be proved in support of the claim." Moore's Federal Practice 2245 (2d Ed. 1948). The same conclusion was reached by Mr. Justice Schreiber of the New York Supreme Court in a case arising out of the same accident, Blue v. United Air Lines, Inc., 98 N.Y.S.2d 272. The complaint in that case differed to some extent from the complaint herein, but in substance both make the same claim: in the Blue case plaintiff's claim concerning the hazardous condition of the aircraft is set forth with more particularity than it is here, but this is a difference in degree only.

The motion to dismiss is denied.

The motions to strike pursuant to Rule 11 and Rule 12(f) are denied. Cf. Blue v. United Air Lines, supra.

The motion for a more definite statement, pursuant to Rule 12(e) is denied. Defendant Douglas may utilize discovery procedures against the plaintiff and against defendant United to secure whatever information it may require for preparation for trial. The cross-claim is sufficiently precise to enable Douglas to plead to it.

Settle order on notice.