**WINIKOFF v. UNITED AIR LINES,**
**Inc., et al.**
**Civ. No. 9372.**

United States District Court
E. D. New York.
June 6, 1950.

Mendes & Mount, New York City, Lasher B. Gallagher, Los Angeles, Cal., for defendant, Douglas Aircraft Co., Inc.

Haight, Deming, Gardner, Poor & Havens, David L. Corbin, and Douglas B. Bowring, New York City, for defendant, United Air Lines, Inc.

INCH, Chief Judge.

This is a motion by the defendant, Douglas Aircraft Company, Inc. (hereinafter called "Douglas"), directed against the cross-claim of the defendant, United Air Lines, Inc. (hereinafter called "United").

Douglas seeks (1) to strike the cross-claim as "sham and false" on the ground that it was allegedly signed with intent to defeat Rule 11, Federal Rules of Civil Procedure, 28 U.S.C.A., (2) to dismiss the cross-claim for "failure to state a claim upon which relief can be granted", (3) to obtain a more definite statement of the subject matter of the cross-claim, and (4) to strike certain portions of the cross-claim on the ground that they are "redundant".

The action was brought by plaintiff against United and Douglas, as operator and manufacturer respectively, of a certain Douglas DC-6 airplane which crashed near Mt. Carmel, Pennsylvania, on June 17, 1948, killing plaintiff's decedent, who was a passenger therein.

United filed a cross-claim against Douglas alleging two causes of action. The first cause of action alleges that Douglas sold this, and other airplanes, to United on or about March 25, 1947; that under the terms of the purchase agreement Douglas warranted the airplanes would be free from defects in design and other defects arising from the manufacture thereof; that Douglas agreed it would correct or repair such defects within a certain period of time; that on or about November 11, 1947, and prior to the expiration of the said warranty, all the DC-6 airplanes were withdrawn from service by United because of a fire-hazard in their design; that Douglas thereafter undertook at its own expense to make certain modifications of the airplanes to correct the design and also undertook to make tests and inspections of the design and tests of the procedures to be used in operating the airplanes for the purpose of discovering and eliminating any defective or hazardous conditions; that after the modifications had been made United, with the knowledge and consent of Douglas, restored the airplanes to common-carrier service; that while in such service on June 17, 1948, the plane crashed killing plaintiff's decedent. This cross-claim then calls attention to the fact that plaintiff's complaint alleges that the airplane was carelessly, negligently and improperly constructed by Douglas who also failed to provide proper manuals for safe operation and maintenance of the airplane, and failed to properly inspect and equip it. Then this cross-claim alleges that United notified Douglas within a reasonable time that it would look to Douglas to indemnify it and hold it harmless from all liability in connection with plaintiff's claims; that if defective and hazardous conditions existed in the airplane by reason of faults and omissions on the part of Douglas as alleged by plaintiff, then Douglas breached its agreements with United in that Douglas failed to correct or repair the defects, or in the course of doing so, created a further defective and hazardous condition, and further breached its agreements in that it failed to make proper and sufficient tests and inspections with respect to the modifications made on the airplane and the procedures to be employed by the flight crew and failed to comply with the applicable safety requirements of the Civil Aeronautics Authority and also failed to warn United of the defects and to take other necessary measures to prevent or correct the existence of the conditions which are claimed by plaintiff to have caused her damages; and that, if United is liable to plaintiff, it is entitled to recover over against Douglas.

The second cause of action is based on Douglas' common-law liability in allegedly breaching the duty of care which it owed to United as a manufacturer of the airplane involved. Unlike the first cause of action it is not based on a breach of warranty or other contractual obligation of Douglas to United. It alleges that if any defective and hazardous conditions existed in the airplane, as alleged by plaintiff, then said conditions were due primarily to the negligence of Douglas and not to any negligence on the part of United, and United is entitled to recover over against Douglas.

■ Douglas moves to strike this cross-claim as "sham and false" under the provisions of Rule 11. The affidavit of United's attorney submitted in opposition to the motion sufficiently demonstrates that there is good ground to support the allegations of the cross-claim, and that it was not inter-

posed for the purpose of delay. The motion is denied.

 The motion by Douglas to dismiss the cross-claim for "failure to state a claim upon which relief can be granted" also lacks merit and is denied. Rule 13(g) of the Federal Rules of Civil Procedure provides: "(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or *may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.*" (Emphasis supplied.)

For the purposes of this motion the allegations of the cross-claim must be taken as true. On its face the cross-claim states two good causes of action which are amply supported by the numerous authorities cited in United's brief. The purchase agreement itself is not attached to or incorporated in the cross-claim, and United claims that the parties subsequently entered into sixteen successive amending agreements, none of which is referred to by Douglas in its motion papers. Consideration of this purchase agreement and its amendments must be left to the trial.

 Douglas also seeks a more definite statement with respect to the omission from the cross-claim of certain factual allegations. Rule 12(e) of the Federal Rules of Civil Procedure now provides in part: "If a pleading to which a responsive pleading is permitted is *so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,* he may move for a more definite statement before interposing his responsive pleading." (Emphasis supplied.)

The cross-claim filed by United is not so vague or ambiguous that Douglas cannot frame an answer thereto. Douglas may, if necessary, obtain more detailed information concerning the allegations of the cross-claim by resorting to the remedies provided in Rules 16 and 26 to 37. The motion is denied.

 Finally, Douglas moves to strike paragraphs 5 to 11 inclusive, and paragraph 13 from the cross-claim on the ground that they are "redundant for the reason that they constitute conclusions of the pleader and are otherwise predicated solely upon conjecture and surmise" and that "an allegation based upon the conjectural *'if'* is *not* a *direct* averment of anything." The above paragraphs of the cross-claim are clearly not redundant in the sense that they contain repetitious and superfluous allegations. Nor are they "redundant" because they state a contingent claim. Rule 13(g) quoted above expressly permits a cross-claim to include a claim "that the party against whom it is asserted is *or may be* liable to the cross-claimant." (Emphasis supplied.)

This motion also is denied.

Settle order on notice.