**PABELLON v. GRACE LINE, Inc. (COSTON SUPPLY CO. et al., third-party defendants).**
**RUDMAN & SCOFIELD, Inc. v. McKESSON & ROBBINS, Inc. et al.**

United States District Court
S. D. New York.
Nov. 8, 1951.

Emanuel Friedman, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant and third-party plaintiff.

Mitchell, Capron, Marsh, Angulo & Cooney, New York City, for third-party defendant Coston Supply Co.

Tashof & Sobler, New York City, for third-party defendant Rudman & Scofield, Inc.

Mathews, Hampton & Mahoney, New York City, for third-party defendant Durkee.

John W. Trapp, New York City, for third-party defendant Dearborn.

Davies, Hardy, Schenck & Soons, New York City, for third-party defendant Oakite.

White & Case, New York City, for third-party defendant Swift.

I. Arnold Ross, New York City, for fourth-party defendant McKesson & Robbins, Inc.

Chambers, Clare & Gibson, New York City, for fourth-party defendant Oldbury Electro-Chemical Co.

RYAN, District Judge.

This action was brought by plaintiff, a seaman, under the Jones Act, 46 U.S.C.A. § 688, against defendant, Grace Line, Inc., as employer. Grace Line, in turn, impleaded several defendants one of whom impleaded two additional defendants. All impleaded defendants now move for a severance of the trial of the claims asserted against them on the ground that a joint trial with that of plaintiff's claim will be prejudicial.

Plaintiff seeks damages for injuries he allegedly received as the result of an explosion which occurred aboard ship when he mixed several cleaning ingredients. His claim is predicated on negligence of defendant Grace Line in not providing him with a safe place in which to work and more specifically on its failure to warn him that the materials provided for use by him were dangerous and unsafe. Grace Line has claimed over against the moving third-party defendants as the suppliers and manufacturers of the materials purchased by it, alleging that they, in turn, are or may become liable to Grace Line for all or part of plaintiff's claim. Fed.Rules Civ.Proc. rule 14(a), 28 U.S.C.A. The basis of the third-party complaint is breach of warranty and negligence on the part of third-party defendants in failing to warn Grace Line, as purchaser, of the dangerous qualities of their products. One of the third-party defendants, Rudman and Scofield, Inc., has impleaded two fourth-party defendants on claims similar to those asserted against it. The various claims were considered by the Court of Appeals for this circuit in Pabellon v. Grace Line, Inc. (Coston Supply Co.), 2 Cir., 191 F.2d 169.

This would seem a typical case for the application of Rule 14(a), in order to avoid the multiplicity of actions the rule was designed to eliminate. The issues on all the claims are substantially the same: foreseeability of danger in the use of these products, if any, and failure to give notice of it; and, the absence of danger in the products on their use. This of necessity, will have to be established or disproved by the testimony of plaintiff's witnesses and those called by defendant and impleaded defendants, their expert witnesses and chemists. The evidence and testimony will be of the same character on the claim and cross-claims.

It is the contention of the impleaded defendants that prejudice and confusion will result from a joint trial—in that, as between plaintiff and defendant the defense of contributory negligence is not available under the Jones Act to the latter as the employer of the plaintiff-seaman, while as between defendant and impleaded defendants it is. It might be noted that as between plaintiff and defendant, the former's contributory negligence goes only to the issue of amount of damages recoverable, whereas in the third and fourth-party suits it might defeat the entire claim therein asserted. But, the presence of different defenses is not, alone, sufficient to warrant a severance. O'Neill v. American Export Lines, D.C., 5 F.R.D. 182, 183. We do not read Ginsburg v. Standard Oil Co., D.C., 5 F.R.D. 48, as holding to the contrary. There, plaintiff in his amended complaint joined a claim under the Jones Act with a common law claim asserted solely against the third-party defendant, who had been impleaded by the original defendant. The defense of contributory negligence was available to the impleaded defendant against the plaintiff, but was not to the original defendant in the claim based on the Jones Act. A separate and distinct claim was there alleged by the plaintiff against each individual defendant; that is.

not the case here. But quite apart from this factual difference, it would seem, in the instant case, that appropriate instructions by the trial court could without difficulty be given in simple language which would obviate the possibility of confusion in the mind of the jury. Lawrence v. Great Northern Ry. Co., D.C., 98 F.Supp. 746.

Whether the impleaded defendants may be held liable for reimbursement on the maintenance and cure claim need not now be decided. While it seems that such an item would be recoverable from the party ultimately found to be at fault as one of the natural and probable consequences flowing from its acts, Jones v. Waterman S. S. Corp., 3 Cir., 155 F.2d 992, there is no basis for assuming that a separate appraisal of the damages recoverable, if required, will be the occasion of confusion to a jury. While maintenance and cure constitutes a separate (though simple claim), it is difficult to see how its consideration will prejudice the moving parties. Certainly the wording of Rule 14—"liable * * * for all or part of the plaintiff's claim"—contemplates such a situation.

Motions denied.