**4**

KRATKE v. DENVER & R. G. W. R. CO.
(RIO GRANDE MOTOR WAY, Inc.
Third-Party Defendant).

Civ. A. No. 3667.

United States District Court
D. Colorado.

Oct. 13, 1953.

Albert Ellis Radinsky, Denver, Colo., for plaintiff.

T. R. Woodrow and T. A. Chisholm, Denver, Colo., for defendant and third-party plaintiff.

Darwin D. Coit, Denver, Colo., for third-party defendant.

KNOUS, District Judge.

The third-party defendant, the wholly-owned subsidiary of the original defendant Railroad, heretofore filed a consolidated motion to strike and dismiss directed to the amended third-party complaint. Following oral arguments certain portions of such complaint were ordered stricken and the motion to dismiss taken under advisement.

The original action is grounded on the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and seeks damages from the Railroad for personal injuries allegedly incurred by the plaintiff in the course of his employment. The defendant Railroad, as third-party plaintiff, alleges in paragraph 5 of its third-party complaint that if it was negligent in any of the particulars set forth in plaintiff's complaint, it was passive and antecedent in time and effect to the active negligence of the third-party defendant and that the third party's acts were the sole proximate cause of the injuries sustained, if any, by the plaintiff. In its prayer the third-party plaintiff demands judgment against the third-party defendants for all sums that may be adjudged against the third-party plaintiff in favor of the plaintiff.

The authorities cited under the new Rules of Civil Procedure, 28 U.S.C.A., uniformly hold that where the right of indemnification exists the indemnitor may be appropriately joined as third-party defendant under Rule 14. See Yap v. Ferguson (Milder), D.C., 8 F.R.D. 166; Greenleaf v. Huntingdon & B.

T. M. R. & Coal Co., D.C., 3 F.R.D. 24; Lawrence v. Great Northern Ry. Co., D. C., 98 F.Supp. 746; Kerna v. Trucking, Inc., D.C., 3 F.R.D. 195; Sklar v. Hayes, D.C., 1 F.R.D. 415; Pabellon v. Grace Line, Inc., (Coston Supply Co.) D.C., 12 F.R.D. 123, and Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842.

 Third-party defendant argues that the third-party complaint should be dismissed because the rules of law pertinent to the defense of the third-party defendant differ from those of the defendant in that under the Federal Employers' Liability Act contributory negligence is only a partial defense and assumption of the risk is abolished as a defense, whereas the third-party defendant, being liable only upon a common law basis, should have free recourse to these defenses.

Third-party defendant's argument is not new to the courts. It was urged unsuccessfully in Lawrence v. Great Northern Ry. Co., D.C., 98 F.Supp. 746, 748. In considering this point, the court observed:

"In applying Rule 14, Fed.Rules of Civ.Proc. 28 U.S.C.A. the court must recognize that it is directed primarily to the avoidance of circuity of actions and that it should be construed liberally. If the defendant Railway Company is liable to this plaintiff, then it should not be required to commence another action and go over the same facts in order to determine whether or not it is entitled to indemnity from these third-party defendants."

The lower court's ruling was sustained by the United States Court of Appeals for the Eighth Circuit in 1953 on the appeal of the third-party defendant in Waylander-Peterson Co. v. Great Northern Ry. Co., 201 F.2d 408.

In Blair v. Cleveland Twist Drill Co., 7 Cir., 1952, 197 F.2d 842, 845, the Circuit Court reversed a decision of the District Court which granted the third-

party defendant's motion to dismiss in a situation similar to the one herein under consideration, saying in its opinion:

"Rules 13 and 14 are both intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically. They are remedial and should be liberally construed."

The decision largely relied upon by the third-party defendant, Hamblen v. Santa Fe Trail Transportation Co., D.C., 101 F.Supp. 799, seems to the Court to be without pertinency to the particular question involved herein.

For the reasons set forth above, it is, therefore,

Ordered and adjudged that third-party defendant's motion to dismiss the amended third-party complaint be and the same hereby is denied. The third-party defendant shall have twenty days in which to answer.