THE GREAT ATLANTIC AND PACIFIC TEA
COMPANY, INC. *v.* ROYAL CROWN
BOTTLING COMPANY ET AL.

[No. 380, September Term, 1965.]

*Decided June 27, 1966.*

The cause was argued before HAMMOND, MARBURY, OPPEN-HEIMER and BARNES, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*William Walsh* and *Robert H. Reinhart,* with whom was *William C. Walsh* on the brief, for appellant.

*William H. Geppert* and *Hugh A. McMullen,* with whom were *Gunter & Geppert* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

A defendant in a tort action appeals from the refusal of the trial court to allow it to file a cross claim against a codefendant. The cross claim sought to assert that the codefendant was or might be liable to the cross claimant for the damages asked by the plaintiff in the case and the cost of defense under an express agreement of indemnity or, alternatively, on an implied warranty. The trial judge rejected the cross claim because, as he saw it, it did not arise out of the occurrence that was the subject matter of the original action.

The plaintiff, Tyler, sued the Great Atlantic & Pacific Tea Company, Inc. (A. & P.), Royal Crown Bottling Co. (Royal Crown), and International Paper Co. (International), claiming damages for injuries, including loss of vision, sustained

when the bottom of a paperboard carton containing six bottles of Diet Rite Cola purchased at an A. & P. store in Cumberberland fell out and a bottle of the Cola broke on her kitchen floor, causing glass to strike her in the eye. Tyler's declaration alleged that A. & P. had purchased the carton of Diet Rite from Royal Crown and that Royal Crown had bought the paperboard carton from International. The declaration, alleging (1) negligence on the parts of A. & P. and Royal Crown, (2) negligence by International, (3) breach of warranty by International, and (4) breach of warranty by A. & P., was filed on January 19, 1965, and on February 16 both A. & P. and Royal Crown timely filed appropriate general issue pleas. In April, pursuant to Maryland Rule 320 d 1, A. & P. moved for leave to amend its pleas to include a cross claim against Royal Crown on the grounds (a) that it filed its pleas without including its cross claim, which was attached, and that without leave of court could not now file it because Maryland Rule 314 d 2 requires a cross claim to be filed within fifteen days from the expiration of the last day for filing the responsive pleading to the claim to which the cross claim is filed, and (b) :

"The amendment and Movant's pleas would promote justice in that it would be more convenient and less expensive for all parties to dispose of all outstanding claims against each other in this proceeding. If the Cross Claim is not asserted in this proceeding, Movant will be compelled to engage in additional litigation as the Cross Claim is germane to the original claim, and both must be resolved in order to do complete justice."

Judge Naughton signed an order, ex parte, permitting the requested amendment. The cross claim alleged in count one that by an agreement dated February 24, 1964, Royal Crown agreed:

"* * * in the event of consumer complaints, claims or legal actions, alleging damage, death, illness, or injuries resulting from the purchase, sale, and/or use of such merchandise, to indemnify and save you harmless from any and all liability, and to assume full responsibility and expense of investigation, litigation,

and/or settlement of any such complaint, claim or legal action on condition that the merchandise was handled under normal conditions of sale by your company from the time of arrival of the merchandise until final sale to the consumer * * *."

Count two alleged that A. & P. had warranted Tyler that the carton holding the Diet Rite Cola bottles was suitable and safe and that it was not and caused her harm, and that if Tyler is entitled to damages from A. & P. for this claimed breach of warranty then A. & P. "is entitled to recover the same damages and the expenses of investigation and litigation" from Royal Crown who sold the carton of Diet Rite Cola to A. & P. with the same warranty that A. & P. sold it to Tyler.

On April 27 Royal Crown moved to strike the cross claim because it was not timely filed and because "it brings into this case a new issue foreign to all other issues in the case and does not arise out of a common question of law or fact with the other issues."

Judge Naughton granted the motion to strike, finding that the cross claim did not arise out of the occurrence of the injury to Tyler but was "merely a result of the original action," that the cross claim, being for breach of a contract of indemnity, was not "germane" to the original action for negligence and breach of warranty and that the cross claim was premature since the cost of litigation would not be fully known at the time of trial in light of "the almost inevitable motion for a new trial, appeal, and other possible legal actions." The ruling that the cross claim could not be filed at all obviated the need to pass on the question of the timeliness of its filing.

At the outset the issue of the appealability of the order striking the cross claim—and so denying A. & P. the right to seek in the same action its asserted due from Royal Crown—suggests itself, although neither side has briefed or argued the point. We think the order carried the finality requisite to make it appealable. *Northwest'n Nat. Ins. Co. v. Rosoff,* 195 Md. 421, held that an order denying the right to implead a codefendant was final for the purposes of appeal, saying (at p. 433) :

"On the other hand, where the trial court declines to implead a third party, the defendant's right to proceed against that third party, in that proceeding, has been finally determined, and he should have the right to have that question settled by the appellate court before he is forced to submit to trial without such third party in the case. We think, where impleading is denied, the spirit and the intention of the rule are best served by immediate appeals. It is our conclusion, therefore, that the orders herein are final, and that the appeals are not premature, but can and should be heard at this time."

The rationale and reasoning of *Rosoff* seem applicable to a denial of the right to file a cross claim against an existing co-defendant. Maryland Rule 314 b is a chip off the old block of Rule 13 (g) of the federal rules of civil procedure. The United States Court of Appeals for the Seventh Circuit held in *Blair v. Cleveland Twist Drill Co.*, 197 F. 2d 842, where the trial court dismissed the cross claim of one defendant in a tort action seeking to recover from a codefendant all or part of the claim of the plaintiff, on the basis of an implied indemnity, that the order of dismissal was an appealable order. It said (p. 845) :

"* * * even though the judgment was not on the merits in that it purported to be without prejudice as to the ultimate rights as between the two defendants, it was final as far as this proceeding was concerned in that it deprived the Railroad of its right, recognized by Rule 13 (g), to have its cross-claim against the Drill Company adjudicated in the same proceeding."

See also *Concannon v. State Roads Comm.*, 230 Md. 118, 125; *City of Baltimore v. Moore*, 209 Md. 516.

The fact that the cross claim was not filed within fifteen days from the expiration of the last day for filing the responsive pleading to the claim to which the cross claim is addressed, as Rule 314 d 2 requires, would not prevent it being filed later by permission of the trial judge. Rule 320, titled "Amendment," provides in paragraph a 1 that "the court may permit any of

the proceedings, including process, pleadings, and record, to be amended so that the case may be tried on its merits." Paragraph a 2 permits an action to be amended from one form to another. Paragraph a 3 provides that "the court may permit a further or better statement of particulars of any matter in any pleading to be made at any time." Rule 5 w defines "a proceeding" or "the proceedings" as "all or any part of an action," and Rule 5 v defines "pleading" as "any paper filed in any action, setting forth a cause of action or ground of defense, or filed with the object of bringing an action to issue or trial or obtaining any decision or act by the court including * * * a declaration * * * plea in bar * * *."

Rule 320 c 1 and 2 allow an amendment to be permitted by the court at any time before final judgment in a case tried by the court and at any time before the jury retires in a jury case. 320 d 1 (b) says: "An amendment shall not be made without leave of court but leave to amend shall be freely granted in order to promote justice."

These pertinent and applicable rules must be read together and so read mean that a cross claim must be filed within the time specified in Rule 314 d 2 unless leave of court is granted to file it at a later date, as authorized by the various provisions of Rule 320. Judge Naughton had the power and the right to grant the motion to amend the pleadings by the filing of a cross claim at the time he did so.

Judge Naughton's three reasons for rejecting A. & P.'s cross claim—that it did not arise out of but was the result of the original action, that the original action was in tort and the cross claim in contract and that damages would not be fully ascertainable at the trial—are sought to be buttressed by Royal Crown's assertion that an already complicated case would be unduly and unfairly further complicated by the introduction of the indemnity agreement (the unfairness which Royal Crown sees appears to be that it would not only be a defendant potentially liable as a tortfeasor it would also be a defendant who had promised to pay A. & P.'s liability to any person injured by reason of Royal Crown's merchandise).

We think that the reasons advanced did not, separately or cumulatively, justify the rejection of the cross claim. The pur-

pose of rules permitting the joinder of multiple parties and claims was to remedy the procedural and substantive defects in the law which prevented the resolution in one action of the rights and obligations of all parties whose connection with the case arose out of the same source and occurrence. A history of their development is given in *Northwest'n Nat. Ins. Co. v. Rosoff, supra* at pp. 425-27 of 195 Md. And see the discussion on the subject in *Allen & Whalen v. Grimberg Co.,* 229 Md. 585, 586-90: "Of course, the underlying purpose of such Rules * * * is, in proper cases, to simplify and expedite proceedings and to avoid the useless duplication, expense and possible uncertainty of more than one trial." (p. 588)

Courts have been liberal in utilizing such rules to permit the trial of connected issues in one action. There would seem to be little to support a conclusion that A. & P.'s claim against Royal Crown did not arise out of "the transaction or occurrence that is the subject matter" of the original action. That subject matter involved Diet Rite Cola bottles in a carton sold by Royal Crown to A. & P., which injured Tyler. Royal Crown agreed: "in the event of consumer complaints, claims or legal actions, alleging damage * * * or injuries resulting from the purchase * * * or use of * * * merchandise [bought by A. & P. from Royal Crown] to indemnify and save harmless [A. & P.] from any and all liability * * *." Tyler's claim arose from her purchase and subsequent use of Royal Crown's merchandise and A. & P.'s cross claim arose out of its potential liability to Tyler, a liability against which it claims Royal Crown agreed to save it harmless.

Royal Crown urges earnestly that since (1) Rule 313 — "Joinder of Parties and Claims-Permissive"—in paragraph d 1 provides that separate claims involving different plaintiffs and defendants or both may be joined in one action "whenever any substantial question of law or fact common to all the claims will arise in the action * * *" and (2) paragraph f of Rule 313 provides that the Rule shall apply to a cross claim if Rule 314 also is complied with, a cross claim can be filed only if it presents questions of law and fact common to the original claim (which it says is not true here), as well as arises out of it. Rule 314 provides its own test and does not incorporate Rule

313 by reference as Rule 313 incorporates Rule 314. As Chief Judge Brune observed for the Court in *Allen & Whalen, supra* at p. 588 of 229 Md.:

> "Each of the Rules just cited [315 a and 314 c, additional parties, and 503, consolidation for trial] is complementary to, but separate from, the others. It does not follow that because a particular result can or might be effected under one of our Rules, just referred to, it may be effected under any of them."

In any event Rule 313 d 1 does not limit its applicability to cases involving only a common question; it also permits joinder if "the claims may conveniently be disposed of in the same proceeding."

The authorities recognize that the "arising out of" standard usually is complied with in cases of indemnity. In *Allen & Whalen, supra,* in speaking of a third party claim under Rule 315 a, which, like a cross claim under Rule 314 b, must be for all or part of the plaintiff's claim against the defendant seeking help from a codefendant, Chief Judge Brune said for the Court (pp. 587-88 of 229 Md.):

> "The usual basis for third-party impleader is that the third-party defendant is or may be secondarily liable for all or some part of the plaintiff's claim against the original defendant as in the case of an *indemnitor, guarantor, surety* or *insurer* or a joint tortfeasor obligated by substantive law to make contribution. (See 3 *Moore's Federal Practice* (2nd Ed.), §§ 14.10, 14.11, 14.12; *United States v. Jollimore,* 2 F.R.D. 148 (D. C., Mass.)." (Emphasis added.)

By analogy the quoted language is applicable to Rule 314 b. Many federal cases, construing Rule 13 (g) of the federal rules of civil procedure which, as we have noted, is substantially the same as Maryland Rule 314 b, have recognized that a cross claim based on either an implied or an express agreement to indemnify should ordinarily be tried in the same trial as the original claim against the indemnitee. In *Sebo v. United Air Lines* (D. Ct. So. D. N. Y.), 10 F.R.D. 327, 329, the plaintiff

sued United and Douglas Aircraft Company, Inc. as the operator and manufacturer, respectively, of an airplane which crashed. United cross claimed against Douglas for breach of contract and negligence, contending that if United were liable to the plaintiff, Douglas was liable to United for the amount of the plaintiff's recovery and the expenses incurred in defending the suit. Judge Medina said: "It seems to me that the provisions of Rule 13 (g), concerning a cross-claim against a co-party, were intended to apply to this very type of situation." See also *Winikoff v. United Air Lines* (D. Ct. E. D. N. Y.), 10 F.R.D. 474; *Brown v. Commerce Trust Co.*, (D. Ct. W. D. Mo.), 9 F.R.D. 317; *Fogel v. United Gas Improvement Company* (D. Ct. E. D. Pa.), 32 F.R.D. 202; *Albina Engine and Machine Works, Inc. v. Abel* (10th Cir.), 305 F. 2d 77, 85-86; *Thomas v. Malco Refineries* (10th Cir.), 214 F. 2d 884. See also *Davis v. Radford* (N. C.), 63 S. E. 2d 822; *Weiner v. Mager & Throne*, 3 N. Y. S. 2d 918. *Cf. Kratke v. Denver & R. G. W. R. Co.* (D. Ct. Colo.), 15 F.R.D. 4, and *Lawrence v. Great Northern Ry. Co.* (D. Ct. Minn.), 98 F. Supp. 746.

The fact that the original action was in tort and the cross claim, in part at least, is in contract would not of itself defeat the right to cross claim nor create a dichotomy between the original claim and cross claim. 3 *Moore, Federal Practice,* § 14.29 (2d ed. 1964); *Guy F. Atkinson Co. v. Merritt, Chapman & Scott Corp.* (D. Ct. N. D. Cal.), 141 F. Supp. 833, 837; *Fong v. United States* (D. Ct. N. D. Cal.), 21 F.R.D. 385; *Plains Insurance Company v. Sandoval* (D. Ct. Colo.), 35 F.R.D. 293; *cf. Northwest'n Nat. Ins. Co. v. Rosoff, supra.*

We do not think that because the total costs of defending the suit could not be known precisely at the trial of the case the cross claim should have been ruled out. To do this would be to have the tail wag the dog. The great part of A. & P.'s claim would consist of the amount of Tyler's recovery and most of the cost of the defense of the suit would be known at the time of trial and the rest could accurately be estimated. In any event the jury and the court could determine whether Royal Crown was liable for the costs of defense and the parties could later agree on any amount unknown at the time of trial or the amount easily could be later proven.

Finally, we are not impressed with the argument that there would be undue and unfair complexity if the question of Royal Crown's liability to A. & P. were answered at the same time that the liability of the various defendants to Tyler was answered. It would seem that under the indemnity agreement the only question of fact to be determined by the jury would be whether the conditions of the agreement that Royal Crown was liable only if "the merchandise was handled under normal conditions of sale by [A. & P.] from the time of arrival of the merchandise until final sale to the consumer" had been met by A. & P. The case could be submitted to the jury on issues as to the liability of the various defendants to Tyler and would not be unduly complicated by the need for proof of A. & P.'s normal handling of Royal Crown's merchandise. Indeed, proof of normal handling might well be a large part of proof of lack of negligence as to A. & P. With appropriate instructions on the law the jury should not be perplexed or frustrated in answering appropriate issues on the liability of the various defendants to Tyler by the need to answer an issue or issues on Royal Crown's liability to A. & P.

A number of courts have taken a similar view of similar situations. See *Lawrence v. Great Northern Ry. Co., supra,* where the Court said (p. 748 of 98 F. Supp.) :

> "Granted that the determination of the liability of the third-party defendants will present issues to the jury which are more difficult than usual, that fact will not justify a denial of defendant's rights under Rule 14 [the impleading of third parties]. In passing, it may be observed that appropriate interrogatories could be submitted to the jury so that the differences in the applicability of the contributory negligence rule could be clarified and confusion avoided. In any event, the purposes of Rule 14 should not be thwarted in absence of substantial and impelling reasons."

See also *Fogel v. United Gas Improvement Company, supra; Pabellon v. Grace Line* (D. Ct. So. D. N. Y.), 12 F.R.D. 123; cf. *Northwest'n Nat. Ins. Co. v. Rosoff, supra.*

We are not unmindful of the comments in *Rosoff* at p. 436

of 195 Md. that questions as to whether defendants should be impleaded are best left to the sound discretion of the trial judge and that his decision should be disturbed only where it is apparent that some serious error or abuse of discretion has occurred. In the case now before us, Judge Naughton essentially did not exclude the cross claim because he found that Rule 314 b applied but would be unworkable or awkward, cumbersome or complicated in operation, but because he felt that the cross claim did not arise out of the original action and the two claims, one in tort and one in contract, were incompatible and, therefore, the Rule did not apply. This reading of Rule 314 b was, as we see it, erroneous. We think the purposes of Rule 314 b would be unnecessarily and prejudicially frustrated by disallowing a cross claim typically and routinely within its ambit.

*Order reversed, with costs.*