**Jack ZATZ, Plaintiff,**

v.

**HERTZ, NEUMARK & WARNER, a Limited Partnership, S. F. C. Investors, Inc., and Spingarn Heine & Co., a General Partnership, Defendants.**

**No. 66 Civ. 2421.**

United States District Court
S. D. New York.

Dec. 15, 1966.

Mitchell Salem Fisher, New York City, for plaintiff. Robert Wang, Victor P. Greene, New York City, of counsel.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendant S.F.C. Investors, Inc. Gerald Walpin, New York City, of counsel.

BONSAL, District Judge.

## MEMORANDUM

Defendant S.F.C. Investors, Inc. (Factor) moves pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure to dismiss the complaint as against it for failure to state a claim upon which relief can be granted.

Plaintiff instituted this action against Hertz, Neumark & Warner (Hertz), Spingarn Heine & Co. (Spingarn), both of which are registered brokers, and Factor, alleging that the defendants conspired to violate the provisions of Section 7(c) of the Securities Exchange Act of 1934 (the Act), (15 U.S.C. § 78g(c)) and Regulation T issued thereunder by the Board of Governors of the Federal Reserve System (12 C.F.R. 220).

The complaint alleges that prior to April 5, 1966 and pursuant to the conspiracy, Hertz, through its registered representative, Haberman, solicited plaintiff to become its customer, and that plaintiff advised Hertz that he did not have sufficient cash to purchase securities; that Hertz persisted in its solicitation and, in order to induce plaintiff to become its customer, it represented that (1) Hertz would finance the purchase and carrying of securities by plaintiff and extend him a line of credit up to $100,000 on securities transactions conducted by plaintiff through Hertz, and (2) Hertz would guarantee plaintiff against loss suffered by plaintiff on securities purchased for his account through Hertz; that on April 5 and April 6, 1966, Hertz purchased securities for the sum of $96,-942.03 and placed them in the cash account maintained by Hertz in plaintiff's name, which plaintiff permitted Hertz to do solely in reliance on Hertz's promises and representations; that on or

about April 20, 1966, Hertz, in violation of its promises and representations, required plaintiff to deliver to it his shares of CORCO stock, and on April 21, 1966 required plaintiff to provide Hertz with a check for $12,000 (Hertz knowing that plaintiff did not have sufficient funds) on Hertz's representation that the check would not be deposited but would only be "shown"; that on April 28, 1966, Hertz, in violation of its promises and representations, demanded that plaintiff pay to Hertz $64,445.81 by 2 p. m. on April 29 or suffer the loss of his equity, Hertz knowing that plaintiff could not make such payment; that Hertz, in pursuance of the conspiracy, then arranged for an extension of credit to plaintiff by Factor and delivered to Factor securities it had purchased in plaintiff's name; that Factor had knowledge of the facts with respect to the Hertz account and joined with Hertz in the conspiracy to assist Hertz in evading the Act and Regulation T; that Factor caused plaintiff to permit an account to be opened by Factor, with Spingarn, and placed plaintiff's securities therein; that Spingarn, with knowledge of the facts, joined in the "concert of action" to assist in the evasion of the Act and Regulation T by Hertz and Factor; that Spingarn and Factor thereupon engaged in numerous transactions in the aforesaid account until plaintiff's equity was completely extinguished, causing loss to plaintiff in the amount of $26,586.33.

 In support of its motion, Factor contends that an extension of credit by a factor to a borrower seeking to finance a purchase of securities is not prohibited by Section 7(c) and Regulation T and is lawful even though a broker may have arranged the extension of credit in violation of the broker's duty under the statute and rule. Bronner v. Goldman, 361 F.2d 759 (1st Cir. 1966), affirming, 236 F.Supp. 713 (D.Mass.1964). In Bronner, however, the District Court, after a trial on the merits, held that the plaintiff had failed to establish any conspiracy between the factor and a broker. In affirming, the Court of Appeals held

that, absent a conspiracy, a factor who merely extends credit for the purchase of securities does not aid and abet a broker's violation of Section 7(c) and Regulation T. The holding in Bronner is not inconsistent with the rule that one not subject to a statutory prohibition may nevertheless be liable if he conspires with others who are to accomplish the illegal result. Allen Bradley Co. v. Local Union No. 3, etc., 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945). The complaint contains sufficient allegations of a conspiracy involving Factor to survive a motion to dismiss (it being immaterial at this point whether or not plaintiff will establish a conspiracy at the trial).

Factor also contends that, even assuming the existence of a conspiracy, the allegations of the complaint show that the plaintiff, by his own admission, was in pari delicto, and that while this defense would not be available to Hertz and Spingarn, who are alleged to have violated a statutory duty, Remar v. Clayton Securities Corp., 81 F.Supp. 1014 (D.Mass. 1949), it is available as a common law defense to anyone who has not violated a statutory duty. Flusk v. Erie R. R., 110 F.Supp. 118 (D.N.J.1953). In Flusk the court held that under the Federal Employers' Liability Act the railroad could not assert the common law defense of contributory negligence as an absolute bar to recovery in a suit by an employee of the railroad, but that a shipper not subject to the provisions of the act could. See, Ginsburg v. Standard Oil Co., 5 F.R.D. 48 (S.D.N.Y.1945) for a similar holding under the Jones Act.

 Plaintiff alleges, however, that Factor intentionally conspired with Hertz and Spingarn to evade the provisions of Section 7(c) and Regulation T. If plaintiff can establish such a conspiracy at trial, to allow Factor's defense of in pari delicto would be tantamount to saying that factors, without risk to themselves, can conspire with brokers to enable the latter to evade Section 7 of the Act and Regulation T with the consent of the customer. This result would run counter to the congressional intent

which is, in part, to protect small speculators who are regarded as incapable of protecting themselves. Remar, supra, 81 F.Supp. at 1017.

Factor's motion to dismiss the complaint is denied.

It is so ordered.